IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. RDB-05-496 |
| | : | |
| ERECTORS PLUS, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION**

This is an action filed by St. Paul Mercury Insurance Company ("St. Paul"), a Minnesota corporation, against Defendant Erectors Plus, Inc. ("Erectors Plus"), a Virginia corporation, that stems from the collapse of a roof of a prefabricated building that Erectors Plus provided and constructed in Washington County, Maryland. The jurisdiction of this Court is based upon 28 U.S.C. § 1332 as there is diversity of citizenship between the parties. On February 18, 2005, Plaintiff, St. Paul, filed suit in this Court. Plaintiff's Complaint sets forth six counts: Count I alleges negligence, Count II alleges strict product liability, and Count III asserts a claim for breach of contract. Counts IV, V and VI allege breaches of express, implied, and other warranties. Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In support of its 12(b)(6) Motion, Defendant argues that Count I (negligence), Count II (strict liability), and Count III (breach of contract) must be dismissed because these claims are time barred by the applicable Maryland statute of limitations. As to Count II, Defendant alternatively proposes that the

1

building in question is not a "product," but rather is an improvement to real property as defined by section 10-201(b) of the Maryland Real Property Article. Defendant argues that as an improvement to real property, the statute of limitations period for actions based upon warranties on real property expires two years after the date of completion, delivery, or taking possession of the property, thereby time barring Count II of the Plaintiff's Complaint. Defendant also argues that Plaintiff's claims for breach of express warranty (Count IV), breach of implied warranty of fitness (Count V), and breach of implied warranty of fitness for a particular purpose (Count VI) are time barred by the applicable statute of limitations.

In response, Plaintiff asserts that under Maryland law the discovery rule applies, which states that a cause of action accrues when the plaintiff knows or should know of the wrong. Plaintiff argues that, with respect to Counts I, II, and III, the statute of limitations did not begin to run until Plaintiff knew or should have known of the roof collapse. Therefore, Plaintiff had no obligation to investigate the roof collapse until the actual collapse occurred. Plaintiff does not oppose Defendant's Motion to Dismiss Counts IV, V, and VI. The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004).

For the reasons that follow, Defendant's Motion to Dismiss is GRANTED as to Counts IV, V, and VI, and DENIED as to Counts I, II, and III.

I.  Background

In 1996, The Bowman Group LLP ("Bowman"), a non-party in this suit, decided to purchase and construct a prefabricated steel building. Bowman retained Erectors Plus to provide the labor, materials, and equipment necessary to furnish, deliver, and erect the building. In August 1996, Erectors

Plus furnished to Bowman a completed steel prefabricated building.  Subsequently, Bowman obtained a property insurance policy for the building from St. Paul.

On or about February 24, 2003, the roof of the building collapsed.  As a result of the collapse, St. Paul paid Bowman for the damage to the building.  Plaintiff, St. Paul, is subrogated to all of the rights that Bowman may have against Erectors Plus.  On February 18, 2005, St. Paul filed the complaint in this case.

II.     Standard of Review

Defendant's Motion to Dismiss under Rule 12(b)(6) in this case is based on the expiration of the statute of limitations.  There appears to be a split in authority on the question of whether a statute of limitations defense should be asserted under Rule 12(b)(1) or 12(b)(6) of the Federal Rules of Civil Procedure.  *See* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277 (3d ed. 2004); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1350 n.10 (3d ed. 2004); *Hoery v. United States*, 324 F.3d 1220 (10th Cir. 2003) (timeliness under statute of limitations is an issue of subject matter jurisdiction).  *But see Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045 (5th Cir. 1982) (a complaint that shows relief to be barred by an affirmative defense, such as statute of limitations, may be dismissed for failure to state a cause of action); *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160 (2nd Cir. 1989) (affirmative defense of limitations appropriately raised a 12(b)(6) motion).  The United States Court of Appeals for the Fourth Circuit recently noted in *Dean v. Pilgrims Pride Corp.*, 395 F.3d 471, 474 (2005), that "[t]he raising of the statute of limitations as a bar to plaintiff's cause of action constitutes an affirmative defense and may be raised by motion pursuant to

Fed.R.Civ.P. 12(b)(6), if the time bar is apparent on the face of the complaint." This position validates an earlier decision in *Moseke v. Miller and Smith, Inc.*, 202 F. Supp. 2d 492, 501 (E.D.Va. 2002), in which the court specifically found that "[a] motion to dismiss based on the expiration of the statute of limitations is analyzed under Rule 12(b)(6)." Accordingly, this Court will analyze the subject Motion under Rule 12(b)(6).

As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v.*

4

*Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The court must disregard the contrary allegations of the opposing party.  *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969).  However, "[t]he court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papason v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)."  *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).  The court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180.

III.   Discussion

    A.   Count I - Negligence & Count III - Breach of Contract

As the jurisdiction of this action is based on diversity of citizenship, this Court applies Maryland law.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Harbor Court Assocs. v. Leo A. Daly Co.*, 179 F.3d 147 (4th Cir. 1999)**.**  Defendant argues that Counts I and III must be dismissed because the applicable Maryland statute of limitations governing tort and contract claims is three years, and therefore, Plaintiff's claims are time barred.  "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."  MD. CODE ANN., CTS & JUD. PROC. § 5-101 (2002).  Defendant's argument presumes that the statute began to run when the building was delivered in August 1996.  However, under Maryland law, the "discovery rule" applies, which states that the cause of action accrues when the plaintiff knows or should know of the wrong.  *Poffenberger v. Risser*, 290 Md. 631,

5

636, 431 A.2d 677, 680 (1981) ("[W]e now hold that the discovery rule to be applicable in all actions and the cause of action accrues when the claimant in fact knew or reasonably should have known of the wrong.").

In negligence cases, the cause of action accrues when the plaintiff knows or should have known that she has a cause of action. *See Hartnett v. Schering Corp.*, 2 F.3d 90 (4th Cir. 1990). "Under Maryland law a plaintiff 'should have known' of a cause of action if (i) she has knowledge of circumstances which would cause a reasonable person in the position of the plaintiff to undertake an investigation' and (ii) an investigation 'pursued with reasonable diligence would have led to knowledge of the alleged tort.'" *Id*. at 91 (quoting *Pennwalt Corp. v. Nasiosi*, 315 Md. 433, 550 A.2d 1155 (1988)). A breach of contract claim accrues for limitations purposes when the contract is breached or anticipatorily breached. *See Catholic University of America v. Bragunier Masonry Contractors, Inc.*, 139 Md. App. 277, 297, 775 A.2d 458, 469-70 (2001), *aff'd*, 368 Md. 608, 796 A.2d 744 (2002).

At this stage of the proceedings, this Court must assume the truth of the Plaintiff's allegations and accord Plaintiff every favorable inference in deciding this Motion. *See Ibarra*, 120 F.3d at 473. When examining the facts in a light most favorable to the Plaintiff, the roof collapse did not occur until February 24, 2003. There are no facts presently before the Court that would indicate knowledge of circumstances which would cause any inquiry with respect to the roof prior to the roof's collapse. Defendant's Motion to Dismiss does not dispute this fact. Therefore, Plaintiff's claims are within the three year limitations period provided for in section 5-101, and Defendant's Motion to Dismiss is denied with respect to Counts I and III.

B.   Count II - Strict Products Liability

Defendant first contends that Count II is also time barred by section 5-101. MD. CODE ANN., CTS & JUD. PROC. § 5-101 (2002). However, as with Counts I and III, the cause of action in strict products liability cases accrues according to the discovery rule. *See Phipps v. General Motors Corp.*, 278 Md. 337, 363 A.2d 955 (holding that Maryland recognizes strict liability tort actions, governed by section 5-101 and the general tort limitations period). The three-year statute of limitations did not begin to run until Plaintiff knew or should have known of the wrong. Plaintiff alleges that the cause of action accrued on February 24, 2003. Because Plaintiff's Complaint was filed on February 18, 2005, Count II is within the limitations period.

Secondly, Defendant alternatively argues that the building in question is not a "product," but rather is an improvement to real property under section 10-201(b) of the Maryland Real Property Article. Under this theory, the statute of limitations regarding warranties on real property defeat Plaintiff's claim, due to the two year statute of limitations set forth in section 10-204 of the Maryland Real Property Article. MD. CODE ANN., REAL PROP. § 10-204 (2003). Defendant also argues that under Maryland case law, where the predominant purpose of a contract is to provide a service, the Uniform Commercial Code does not apply and the structure is to be considered an improvement to real property, rather than a product. To support the argument that the contract for the prefabricated building at issue in the present case was for a service, Defendant cites *21st Century Properties Co. v. Carpenter Insulation*, 694 F.2d 148, 151 n.2 (D. Md. 1998) (noting that because of their immovable nature, roofs are not "goods" within the meaning of the UCC ), *DeGroft v. Lancaster Silo Co.*, 72 Md. App. 154, 527 A.2d 1316 (1987) (holding that the main purpose of the parties' agreement was

7

"construction" of a silo, rather than the "sale" or "purchase" of a silo), and *Chlan v. KDI Sylvan Pools, Inc.*, 53 Md. App. 236, 452 A.2d 1259 (1982) ("[an] in-ground swimming pool is not a 'good' covered by Title 2 of the MUCC [Maryland Uniform Commercial Code] as goods are simultaneously movable and existing."). Therefore, Defendant claims, the building in question was a permanent fixture to real property and was not a "movable" consumer good that could be labeled a "product" subject to the warranties in Maryland's Commercial Law Article.

With respect to Defendant's contention that the prefabricated building was an improvement to real property governed by the Maryland Real Property Article, it is clear from the language of the statute that it applies to residential, rather than commercial property. The definition of "improvements" in title 10 of the Real Property Article includes, "every newly constructed *private dwelling unit*, and fixture and structure which is made a part of a newly constructed *private dwelling unit* at the time of construction by any building contractor or subcontractor." MD. CODE ANN., REAL PROP. § 10-201(b) (2003) (emphasis supplied). As Plaintiff aptly notes, the building at issue in this case was not used as a "private dwelling unit," but was used as a principal place of business. The Defendant does not argue that the building in question was used as a house or other structure in which a person lives. The prefabricated steel building constructed at Bowman's principal place of business does not constitute a "private dwelling unit" and is not an improvement subject to the two year limitation set forth in section 10-204(d) of the Maryland Real Property Article.

Defendant also contends that where the predominant purposes of a contract is to provide a service (i.e. constructing improvements to real property), the Uniform Commercial Code does not apply. "The test to determine whether the UCC applies to mixed sales and service contracts is . . .

'whether their predominate factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved (*e.g.*, contract with artist for painting) or is a transaction of sale, with labor incidentally involved (*e.g.*, installation of a water heater in a bathroom).'" *DeGroft*, 72 Md. App. at 165, 527 A.2d at 1321 (quoting *Burton v. Artery Co., Inc.* 279 Md. 94, 367 A.2d 935, (1977). *Ritz-Craft Corp v. Stanford Mgmt. Group*, 800 F. Supp. 1312 (D. Md. 1992), which addresses the classification of prefabricated structures, holds contrary to the Defendant's proposition that the prefabricated building is to be considered a "service" rather than a "product." In *Ritz-Craft*, the seller of premanufactured housing units brought suit for buyer's alleged failure to pay sums owed under contract. "The fact that the transaction has the ingredients of both a sale and a service, does not change its character as a contract for the sale of goods." *Ritz-Craft*, at 1317. The court further found that although the contract in that case contained "elements of service, i.e. performance of certain 'finish-work,'" by the seller, "the sale of the function predominates, and the contract is thus one for the sale of goods within the UCC." *Ritz-Craft*, at 1312.

In the instant case, Plaintiff's Complaint classifies the prefabricated building and its components as a product, and that Defendant was in the business of selling prefabricated buildings. At this early stage in the proceedings, the actual contract in dispute has yet to be produced. Consequently, it is premature at this stage to determine whether the predominate function of the contract was for a product or a service. However, even if the prefabricated building supplied to Bowman was an improvement to real property as Defendant asserts, classifying the contract as such does not time bar Plaintiff's claim. Section 5-108(a) of the Maryland Courts and Judicial Proceedings Article, which governs injuries to property occurring after the completion of improvements to realty, provides:

> Except as otherwise provided by this section, no cause of action for damages accrues
> and a person may not seek contribution or indemnity for damages incurred when . . .
> injury to real or personal property resulting from the defective and unsafe condition of
> an improvement to real property occurs more than 20 years after the date the entire
> improvement first becomes available for its intended use.

MD. CODE. ANN., CTS. & JUD. PROC. § 5- 108 (2002).  Subsection (e) of the statute further states that "[a] cause of action for an injury described in this section accrues when the injury or damage occurs." § 5-108. As discussed previously, Defendant does not dispute Plaintiff's claim that the roof collapsed on February 24, 2003.  The alleged damage, therefore, occurred within twenty years of the August 1996 "improvement to realty," and within the time period provided for in section 5-108 of the Maryland Courts and Judicial Proceedings Article.  Count II of Plaintiff's Complaint is not time barred by the applicable statute of limitations, and Defendant's Motion to Dismiss is therefore denied with respect to Count II.

  C. <u>Count IV - Breach of Express Warranties by Description, Count V - Breach of Implied Warranty of Fitness, & Count VI - Breach of Implied Warranty of Fitness For Particular Purposes</u>

Plaintiff does not oppose Defendant's Motion to Dismiss Counts IV, V, and VI.  Section 2-725 of the Maryland Commercial Law Article provides that "[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods . . . ."  Even when viewed in a light most favorable to the Plaintiff, there is no evidence before this Court demonstrating a warranty between Erectors Plus and Bowman that explicitly extends to future performance of the prefabricated building.  According to Plaintiff's Complaint, the date of delivery for the building at issue occurred in August 1996.  The language of section 2-725 of the

Maryland Commercial Law Article is clear and unambiguous that the statute of limitations begins to run at the date of delivery. Any potential claims for breach of express or implied warranties expired in August 2000. Therefore, Defendant's Motion to Dismiss is granted as to Counts IV, V, and VI.

IV.     Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED as to Counts VI, VI, and VI, and DENIED as to Counts I, II, and III. A separate Order will follow.


July 26, 2005                                    /s/
                                                 Richard D. Bennett
                                                 United States District Judge